IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JANE DOE (A.K.), an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>G6 HOSPITALITY, LLC; G6 HOSPITALITY IP, LLC; G6 HOSPITALITY PROPERTY LLC; G6 HOSPITALITY PURCHASING LLC; G6 HOSPITALITY FRANCHISING, LLC; MOTEL 6 OPERATING, L.P.; JSK PROVIDENCE, LLC; and COASTAL HOLDINGS SOUTH COUNTY, LLC,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:24-CV-00530<br>JUDGE MICHAEL J. TRUNCALE |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING MEDIATION, DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

Before the Court is Plaintiff Jane Doe (A.K.) ("Plaintiff")'s Motion to Stay Proceedings Pending Mediation (the "Motion to Stay") [Dkt. 53] and Plaintiff's Motion to Dismiss with Prejudice (the "Rule 41 Motion") [Dkt. 55]. The Court has considered both motions, all other relevant filings, and the applicable law. For the reasons stated below, the Court **DENIES** the Motion to Stay and **DENIES** the Rule 41 Motion.

## I. THE MOTION TO STAY

Plaintiff's counsel represent numerous individual plaintiffs against the G6 Defendants[1] in six different cases before this Court where the G6 Defendants are also represented by Jones Day. [Dkt. 53 at ¶ 1]. In several of those cases, the parties have entered complex mediation discussions

---

[1] The Court adopts the definition of "G6 Defendants" used in the G6 Defendants' Opposition to Plaintiff's Motion to Stay Proceedings Pending Mediation. [Dkt. 54 at 2].

with a private, third-party mediation firm. *Id.* at ¶ 7. Counsel for Plaintiff filed this opposed motion seeking to stay the case until December 4, 2026.[2] *Id.* at ¶¶ 8, 10. Plaintiff argues that this brief, temporary stay will facilitate mediation by saving resources and allowing the parties to focus on the settlement discussions. *Id.* at ¶ 8. The G6 Defendants oppose the Motion on the grounds that a stay at the current stage of proceedings is inappropriate and that Plaintiff has not demonstrated a genuine necessity for the stay. *See generally* [Dkt. 54].

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). "Management of the Court's docket requires 'the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *ExitExchange Corp. v. FriendFinder Networks, Inc.*, No. 2:13-396-JRG et al., 2014 WL 12600836, at *1 (E.D. Tex. Mar. 31, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Fifth Circuit courts analyze three factors when ruling on motions to stay: (1) whether the nonmovant will be prejudiced should a stay issue; (2) whether the movant will be harmed absent a stay; and (3) "the interests of judicial economy and efficiency." *Wapp Tech Ltd. P'ship v. Apple Inc.*, No. 4:25-cv-230, 2026 WL 1195045, at *6 (E.D. Tex. May 1, 2026) (Mazzant, C.J.) (citations omitted).

The Court finds that the first factor weighs against a stay. The G6 Defendants assert that a stay to focus on mediation would prejudice them because Plaintiff has refused to attend her deposition. [Dkt. 54 at 2]. In February, the G6 Defendants moved to dismiss for lack of prosecution because Plaintiff failed to make herself available to be deposed. [Dkt. 43 at 3]. Shortly thereafter, Plaintiff moved for a six-month stay so that she could focus on treating her trauma and other mental

[2] Plaintiff asks for a stay until "December 4, 2027," but then clarifies that that date is "approximately 90 days from the date of this Motion". [Dkt. 53 at ¶ 8]. Given the context that the Motion was filed on October 4, 2026, and that Plaintiff's proposed order lists December 4, 2026, as the deadline, the Court understands the Plaintiff's Motion as seeking a stay until December 4, 2026—which is 61 days after October 4, 2026.

health concerns. [Dkt. 46 at 1–2]. The Court granted the stay, but the order also required Plaintiff to submit to an in-person deposition within one month of the stay's expiration. [Dkt. 48 at 2]. After the six-month period had elapsed, the G6 Defendants noticed Plaintiff's deposition for October 9, 2026, in Beaumont, Texas. [Dkt. 54 at 2]. It appears that Plaintiff still has not been deposed. [Dkt. 59 at 4]. Without Plaintiff's deposition, the G6 Defendants would be significantly hampered in their ability to prepare for mediation. Ordering a stay to allow the parties to mediate at this point in time would therefore prejudice the G6 Defendants.

The second factor is neutral as Plaintiff did not address whether she would be harmed absent a stay. *See generally* [Dkt. 53].

Finally, the third factor also weighs against a stay. The G6 Defendants argue Plaintiff "has failed to even argue why a stay would be necessary." [Dkt. 54 at 4]. However, Plaintiff claims a stay for the purposes of pursuing mediation would save both the parties and the Court from expending additional time and resources on ongoing litigation. [Dkt. 53 at 4, 7]. Plaintiff also appeals to judicial economy, arguing that a stay will not only save time and money, but also increase the effectiveness of the settlement discussions because the parties will have a reprieve from litigation deadlines. *Id.* at 4. Despite Plaintiff's arguments, for reasons similar to those stated above, the Court finds a stay for the purposes of mediation at this point in time would likely prove unproductive and would only lead to a stagnation of the case. The third factor thus weighs against issuing a stay.

Having considered the factors, the Court finds a stay would be inappropriate at this time. Therefore, the Motion to Stay is **DENIED**.

## II. THE RULE 41 MOTION

Plaintiff's second motion arises primarily from her deposition that was supposed to occur on October 9, 2026. [Dkt. 55 at 3]. After the six-month stay had expired, counsel for the G6 Defendants reached out several times to set a date for the deposition. [Dkt. 59 at 4]. Because Plaintiff's counsel was relatively unresponsive, Defendants eventually noticed the October 9, 2026 deposition, to be held in Beaumont. *Id.* One week before that date, Plaintiff's counsel voiced concerns about holding the deposition in Beaumont. *Id.* Plaintiff explained she was and still is experiencing "mental health hardship as a result of her trafficking and cannot travel for deposition." [Dkt. 55 at 2]. Plaintiff also submitted a sworn affidavit in which she states that she is too fearful to travel. [Dkt. 56-1 at ¶ 8]. As an alternative, Plaintiff offered to sit for her deposition in her home state in Maine. *Id.* However, the G6 Defendants refused to modify the location, arguing the objection was not timely raised. [Dkt. 55 at 2–3]; [Dkt. 59 at 4]. The day before Plaintiff was supposed to be deposed, her counsel filed the present Rule 41 Motion. [Dkt. 55].

In that motion, Plaintiff seeks leave from the Court to dismiss this case without prejudice given the state of her mental health and her inability to travel for her deposition. *Id.* at 3. Federal Rule of Civil Procedure 41(a)(2) states that after the defendant serves its answer, a plaintiff can dismiss an action without the defendants' consent "only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). A voluntary dismissal under Rule 41(a)(2) remains within the discretion of a district court. *Oxford v. Williams Cos.*, 154 F. Supp. 2d 942, 951 (E.D. Tex. 2001) (citing *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990)). Generally, motions for voluntary dismissal will be "freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit" or there is "some evidence of abuse by the movant." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir.

2002). In determining whether the non-movant may suffer plain legal prejudice, it does not appear that the Fifth Circuit has adopted a specific list of factors. *Id.* at n. 3 (referring to four factors used by the Eighth Circuit to show that additional expenses incurred in relitigating issues is generally not enough to show plain legal prejudice). This Court therefore considers the totality of the circumstances, including, but not limited to, the defendant's effort and expense involved in preparing for trial; excessive delay and lack of diligence in prosecuting the action; insufficient explanation for the need to take a dismissal; and whether a motion for summary judgment has been filed. *See Sanchez v. Safeco Ins. of Ind.*, No. 4:17-CV-00892, 2018 WL 4185523, at *1 (E.D. Tex. Aug. 31, 2018).

To begin, Plaintiff states this case is still in the early pretrial stages and "there is a significant amount of discovery remaining." [Dkt. 55 at 8]. However, by the time the G6 Defendants filed their response, they had produced over 3,000 pages' worth of documents in this case, in addition to tens of thousands of pages of materials that were previously produced in another case. [Dkt. 59 at 11]. This, together with the attorneys' fees spent on trying to secure Plaintiff's deposition, has brought on significant expenses for the G6 Defendants. *Id.* On the flip side, such costs of discovery are often to be expected in cases involving corporate defendants in high-stakes litigation, and the level of motion practice is not far off from a typical case of similar nature. The G6 Defendants also do not mention any risk of losing any of their legal defenses. *See Sanchez*, 2018 WL 4185523, at *1. Thus, on balance, this factor weighs slightly in favor of dismissal. *Id.*

Turning to the second factor, whether Plaintiff has failed to diligently prosecute her case is heavily contested between the parties. Plaintiff recently noticed the G6 Defendants' 30(b)(6) deposition, showing some pursuit of her claims. [Dkt. 57 at 3]. But the real issue is Plaintiff's

failure to participate in discovery for the defendants. The G6 Defendants argue that Plaintiff has avoided her deposition for a year, effectively impeding their ability to prepare their defense. [Dkt. 59 at 10]. Of course, this case was stayed for six months to allow Plaintiff to pursue treatment for the trauma that resulted from her trafficking. [Dkt. 48]. However, also weighing against Plaintiff is her failure to comply with the Court's order to appear for an in-person deposition following the end of the six-month stay. Instead of seeking a protective order or other relief from the Court regarding the location of the second deposition scheduled by the G6 Defendants, Plaintiff chose not to appear. *See* [Dkt. 59-1 at 24]. Instead, Plaintiff filed this Rule 41 Motion the day before she was supposed to be deposed. This failure to participate in a critical part of the litigation weighs against dismissal. *See Sanchez*, 2018 WL 4185523, at *1.

Third, Plaintiff's reason for requesting dismissal is that she cannot sit for a deposition in Texas because such travel continues to aggravate her trauma. [Dkt. 55 at 8–10]. The G6 Defendants argue Plaintiff's actual motive is "to avoid an imminent adverse ruling" because they are likely to succeed on their motion to dismiss with prejudice under Rule 37 and Rule 41(b). [Dkt. 59 at 9].[3] Before filing the present Rule 41 Motion, Plaintiff had notice of the G6 Defendants' plans to renew their motion to dismiss. *Id.*; [Dkt. 54 at 3 ("If, as is currently being threatened by the Plaintiff, she does not show up for an in-person deposition in Beaumont, the G6 Defendants intend to renew their motion to dismiss.")]. The Court agrees the timing of Plaintiff's Rule 41 Motion is a bit suspect. If the sole reason for seeking a dismissal was to avoid a deposition in Texas, again, the Court wonders why a protective order was not sought. In light of the above, this factor also weighs against dismissal. *See Sanchez*, 2018 WL 4185523, at *1–2.

[3] In their motion, the G6 Defendants seek a dismissal with prejudice based on Plaintiff's failure to appear for her court-ordered deposition. [Dkt. 58 at 3]. Plaintiff has not yet filed a response, so that motion is not considered in this order.

Finally, no summary judgment motion has been filed, which weighs in favor of dismissal. *See id.* at *1.

Separately, there is no evidence of abuse that might warrant a denial of the Rule 41 Motion on its own. *See Roor Int'l BV v. Stinky's Smoke Shop, LLC*, No. 4:18-cv-00735-KPJ, 2020 WL 7863857, at *7 (E.D. Tex. Dec. 30, 2020) (finding a dismissal with prejudice appropriate because the plaintiffs knowingly and repeatedly misrepresented to the Court that standing existed when a previous court dismissed nearly identical claims for lack of standing). Although the G6 Defendants have had a hard time trying to coordinate with Plaintiff's counsel and have had to reschedule Plaintiff's deposition twice, they do not argue there has been any deceit by Plaintiff regarding her reasons for not wanting to travel. The G6 Defendants are, understandably, concerned about remaining on the hook should the Court grant a dismissal without prejudice. [Dkt. 59 at 11]. They therefore request that this Court condition any dismissal on being with prejudice. *Id.* However, given the Plaintiff's reason for requesting a dismissal and the lack of evidence that might suggest abuse of the proceedings, the Court does not find a dismissal with prejudice appropriate at this time. *See In re FEMA Trailer Formaldahyde Prods. Liability Litig.*, 628 F.3d 157, 163 (5th Cir. 2010) ("[C]onverting [plaintiff's] motion from voluntary dismissal without prejudice to dismissal with prejudice was a step that deserves serious attention.").

On balance, the factors weighing against dismissal carry more weight than those favoring dismissal. Thus, the Court will deny Plaintiff's Rule 41 Motion.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Stay Proceedings Pending Mediation [Dkt. 53].

The Court also **DENIES** Plaintiff's Motion to Dismiss with Prejudice [Dkt. 55].

**SIGNED this 12th day of November, 2026.**

Michael J. Truncale
United States District Judge